## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

IBAN JACKSON,

      Defendant.

Criminal Complaint

CASE NUMBER: 07- 242 M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about December 3, 2007, in the District of Delaware, Defendant IBAN JACKSON did: (1) knowingly possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section(s) 922(g)(1) and 924(a)(2).

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
                                   Official Title

on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

FILED
DEC 4 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

_____
Diane Iardella
Special Agent, ATF

Sworn to before me and subscribed in my presence,

December 4, 2007                                            at Wilmington, DE
Date                                                       City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                             _____
Name & Title of Judicial Officer                           Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT DIANE M. IARDELLA

1. Your affiant is Special Agent Diane M. Iardella. Your affiant has been a law enforcement officer for over 19 years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, including but not limited to the possession of firearms by persons prohibited, and other laws enforced by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am a graduate of the Federal Law Enforcement Training Center, Glynco, GA, Criminal Investigation Course and the Bureau of Alcohol, Tobacco and Firearms New Agent Training Course. I have been involved in the investigation of approximately 200 cases involving firearms violations. I have participated in the seizures of approximately 1400 firearms and the seizures of approximately 250,000 rounds of ammunition. I have previously qualified as an expert witness regarding the identification, origin and classification of firearms in the U.S. District Court for the District of Delaware.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on December 3, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant Iban Jackson from the Delaware Justice Information System (DELJIS) learned that the defendant has a prior felony conviction for Possession With Intent to Deliver a Narcotic Schedule II Controlled Substance from on or about 8/26/99 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year. Your affiant also learned from those DELJIS computer checks that the defendant has a felony conviction for Possession With Intent to Deliver a Narcotic Schedule II Controlled Substance in 1998.

5. As stated to me by one or more Wilmington Police Officers with personal knowledge of the above facts, I learned the following that officers were on patrol in the area of the 400 block of W. 30th Street in the City of Wilmington when they observed a group of individuals loitering near a vehicle. When the officers drove around the block and came back to the area the vehicle was pulling away from the area. Officers followed the vehicle and observed the driver make a left hand turn without using any signal. Officers stopped the vehicle which contained only one occupant, the driver. The stop occurred in the area of W. 29th and Harrison Streets. Officers approached the driver, later identified as Iban Jackson, and asked him for his license, registration and insurance card. Jackson advised the officers that the vehicle belonged to a relative and also admitted that the turn signal did not work. Officers checked the status of the insurance card and learned that the insurance had not been paid and was not in effect. At that time, Officers asked Jackson to step out from the vehicle. As Jackson stepped out of the vehicle he tensed up and officers placed him into custody. Officers conducted an inventory of the vehicle and recovered a

Ruger 9mm pistol from under the driver's seat.

6. From training and experience and based upon information provided by a Wilmington Police officer who personally saw the above firearm, your affiant knows that the above - mentioned firearm is a firearm as defined in 18 USC, Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce.

7. From information provided to me by one or more Wilmington Police Officers with personal knowledge of the below facts, your affiant learned that the defendant was advised of his Miranda rights by a Wilmington Police Officer and the defendant essentially stated that he understand his rights and voluntarily waived his Miranda rights. Following the waiver of his Miranda rights, the defendant voluntarily essentially told the Wilmington Police, among other things, that he possessed the seized firearm. Jackson stated he bought the firearm on the street for a couple of hundred dollars. Jackson stated that on 11/4/07 he had been shot three times in the head and once in the lung and that the firearm was for his personal protection.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate and/or foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Diane M. Iardella
Special Agent, ATF

Sworn to and subscribed in my presence
this 4 day of December 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware