# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal Action No. 07-168-GMS |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| IBAN S. JACKSON, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S PRE-HEARING RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

COMES NOW, the United States, by and through its undersigned counsel, Colm F. Connolly, United States Attorney, Seth M. Beausang, Assistant United States Attorneys, and respectfully submits the following response in opposition to Defendant's Motion to Suppress Evidence and Statements. For the following reasons, Defendant's Motion should be denied:[1]

## I.    Government's Proposed Findings Of Fact.

1.    The Government expects the evidence at the hearing on Defendant's Motion will show that on or about December 3, 2007, Wilmington Police Officers Reaves and Conkey conducted a traffic stop in the area of West 29th Street and Harrison Street in the city of Wilmington, Delaware, of a vehicle driven by the Defendant, after the Defendant made a left turn without signaling.

2.    The officers approached the vehicle and asked the Defendant for his license, registration, and proof of insurance. The Defendant told the officers that the vehicle belonged to

---

[1]The facts contained in this opposition are based on the evidence the Government expects will be introduced at any hearing on Defendant's Motion. Only those facts necessary to respond to Defendant's Motion are stated. The Government requests the opportunity to supplement its opposition with evidence from the record after the hearing.

a relative and that the turn signal did not work.  The Officers then determined that the insurance

card the Defendant provided was not valid because the insurance had not been paid.

3.     Officer Conkey then returned to the driver's side door and asked the Defendant to

step out of the vehicle.  Officer Conkey asked the Defendant if there was anything in the vehicle

that the officer should know about.  The Defendant replied "no," and asked Officer Conkey if he

would like to search the vehicle.  Officer Conkey confirmed that it was ok for him to search the

vehicle and the Defendant again said "yes."  Officer Conkey spoke in a calm tone of voice, and

did not touch his firearm, which remained holstered.  He did not threaten the Defendant in any

way or tell the Defendant he was under arrest.

4.     After the Defendant consented to the search of his vehicle, Officer Conkey asked

the Defendant to walk to Officer Reaves who was standing near the rear of the Defendant's

vehicle.  Officer Reaves patted the Defendant down for officer safety.  As Officer Reaves did that

the Defendant "tensed up."  Officer Reaves then placed the Defendant in handcuffs for officer

safety.

5.     Meanwhile, Officer Conkey searched the Defendant's vehicle, uncovering a

firearm located underneath the driver's seat.  The Defendant was then placed under arrest.

## II.     The Search Of The Car Was Reasonable Because The Defendant Voluntarily Consented To The Search.

6.     Defendant moves to suppress the firearm and the fruits of the search and the

Defendant's subsequent arrest, including the Defendant's post-arrest statements that he made

after waiving his Miranda rights, on the grounds that the officers conducted an illegal inventory

search of his vehicle.  The Defendant's Motion does not allege that the traffic stop was improper.

2

Also, the Defendant moves to suppress his post-arrest statements only on the ground that they are illegal fruits of the vehicle search.

7.    Officer Reaves' report states that the search of the Defendant's vehicle was an inventory search.  However, the Government expects that Officer Conkey will testify that the Defendant consented to the search of his vehicle.  The Government expects that Officer Reaves will testify that he stated in his report that the search was an inventory search because Officer Reaves did not hear the conversation where the Defendant consented to the search, and wrongly assumed that the search was an inventory search.

8.    A search conducted with the defendant's voluntary consent need not be supported by probable cause or a warrant.  See, e.g., Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973).  "[W]hether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances."  Id. at 227.  "[T]he critical factors comprising a totality of the circumstances inquiry include the setting in which the consent was obtained, the parties' verbal and non-verbal actions, and the age, intelligence, and educational background of the consenting [party]."  United States v. Wilson, 413 F.3d 382, 388 (3d Cir. 2005).  A consent search is valid if a reasonable officer could have believed that the defendant voluntarily consented to the search.  Illinois v. Rodriguez, 497 U.S. 177, 185-86 (1990).  The burden is on the Government to prove by a preponderance of the evidence that consent to search was given voluntarily.  See United States v. Velasquez, 885 F.2d 1076, 1081 (3d Cir. 1989).

9.    Here, the Government expects that the evidence will show that the Defendant offered to let Officer Conkey search the vehicle before Officer Conkey even asked for the

3

Defendant's permission.  At that time, the Defendant was standing outside the car, was not in handcuffs, and had not been subject to any other duress or coercion.  Under the totality of the circumstances, this Court should find that the Defendant voluntarily consented to the search of his vehicle.  See United States v. Sculco, 82 F. Supp. 2d 410, 419 (E.D. Pa. 2000) (holding that the defendant voluntarily consented to a search when he was asked by an officer "Is that all you have?", and the defendant replied, "Yes, that's all I have, you can search if you want.").

10.    The Government expects that this case will present facts similar to those presented in United States v. Grey, No. 00-82-GMS, 2001 WL 965077 (D. Del. Aug. 23, 2001), aff'd, 50 Fed. App'x 86 (3d Cir. 2002), where this Court held that a defendant voluntarily consented to a search of his backpack following a traffic stop.  In Grey, this Court concluded that the defendant voluntarily consented to the search because there was:

> no evidence in the record to suggest that Cpl. Spillan (1) used a hostile or threatening tone, (2) made any physical contact with Grey, or (3) had anything in his hand on the book bag at the time he requested consent.  In response to Cpl. Spillan's question [to search the bag], Grey stated that he "did not mind."  At the time Grey responded, he was not handcuffed or restrained in any way, both Tr. Simpler and Tr. Rentz were in their patrol cars, and Cpl. Spillan did not have a weapon (or anything else) in his hands.

Grey, 2001 WL 965077, at *8.

11.    Here, the Government expects that, just like in Grey, there will be no evidence that the Defendant was handcuffed or subject to any other duress or coercion at the time he consented to the search.  The Government expects that the totality of the circumstances will show that the Defendant voluntarily consented to the search of his vehicle.  Accordingly, this Court should deny Defendant's Motion.  See also United States v. Roberts, No. 01-CR-251, 2002 WL 32341802, at *3-4 (E.D. Pa. Oct. 31, 2002) (finding that the defendant voluntarily consented to a

search of his vehicle because "Officer Clee asked Defendant for permission to search the car.

Defendant responded, 'go ahead.' Only approximately ten minutes had passed between the time

that Officer Clee stopped the Defendant's vehicle and the time that he obtained the consent to

search the vehicle.") (citations omitted), aff'd, 77 Fed. App'x 561 (3d Cir. 2003).

12.     For all of these reasons, the Government respectfully requests that Defendant's

Motion to Suppress Evidence and Statements be denied. An appropriate Order is attached.

Dated: February 27, 2008.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:_____/s/ Seth M. Beausang_____
      Seth M. Beausang (De. I.D. No. 4071)
      Assistant United States Attorneys
      The Nemours Building
      1007 Orange Street, Suite 700
      P.O. Box 2046
      Wilmington, DE 19899-2046
      (302) 573-6277

      Attorney for the United States

5

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal Action No. 07-168-GMS |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| IBAN S. JACKSON, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2008, upon consideration

of Defendant Iban S. Jackson's Motion to Suppress Evidence and Statements, and all papers filed

in support thereof and opposition thereto, and after a hearing on Defendant's Motion, it is hereby

ORDERED that Defendant's Motion is DENIED.

IT IS SO ORDERED

_____
THE HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE